Eliezer Drew (ED0625)
Grushko & Mittman, P.C.
515 Rockaway Avenue
Valley Stream, New York 11581
(212) 697–9500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALPHA CAPITAL ANSTALT, | Index No. 18 cv 6332 |
| Plaintiff, | COMPLAINT |
| -against- | |
| RESHAPE LIFESCIENCES, INC., | |
| Defendant. | |

PRELIMINARY STATEMENT

Plaintiff Alpha Capital Anstalt ("Alpha" or "Plaintiff"), by its attorneys, Grushko & Mittman, P.C., as and for its complaint against Reshape Lifesciences, Inc., ("RSLS" or "Defendant"), respectfully alleges as follows:

This is an action for breach of contract. Defendant issued to Plaintiff convertible securities that contained certain price protections in the event Defendant issued other securities at a price lower than the price at which securities were issued to Plaintiff. Defendant later triggered such protections by issuing lower priced securities. Defendant breached its agreement by failing to acknowledge the true price at which it issued such lower priced securities. As a result of such breach the Plaintiff sustained significant damages.

## PARTIES

1. Plaintiff Alpha Capital Anstalt is an entity formed under the laws of the Principality of Lichtenstein with an office at Lettstrasse 32 FL 9490 Vaduz, Furstentum, Liechtenstein.

2. Defendant Reshape Lifesciences, Inc. is an entity incorporated under the laws of the State of Delaware with its principle place of business at 1001 Calle Amanecer, San Clemente, CA 92673.  RSLS was previously known as EnteroMedics Inc.

## JURISDICTION AND VENUE

3. Jurisdiction is based on 28 USC §1332 in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a state and citizens or subjects of a different state or foreign state.

4. Venue is further proper in this district because the agreement between the parties requires that any action brought to enforce the agreements be brought in this District.

## FACTUAL ALLEGATIONS

The Transaction Documents

5. On August 16, 2017, RSLS, Plaintiff and other parties entered into a securities purchase agreement (the "SPA").

6. Pursuant to the SPA, the Plaintiff purchased from RSLS 2,075 shares of Series B Preferred Stock (the "Series B Preferred") convertible into shares of RSLS common stock and 60,175 (pre-split 902,625) warrants to purchase shares of RSLS common stock (the "2017 Warrants").

7. The Series B Preferred are governed by the Certificate Of Designation Of Preferences, Rights And Limitations Of Series B Convertible Preferred Stock (the "Series B CoD").

8.     The Series B Shares were originally convertible at a price of $34.50 (pre-split $2.30) per share (the "Conversion Price") and the 2017 Warrants were originally exercisable at $34.50 (pre-split $2.30) per share (the "Exercise Price").

9.     Both the Series B Preferred and 2017 Warrants contained "anti-dilution" provisions that would reprice the respective Conversion Price and Exercise Price if RSLS issued common stock or securities exchangeable for common stock at a price below the then in effect Conversion Price and Exercise Price.

10.    In particular, Section 7(b)(ii) of the Series B CoD states:

"Issuance of Convertible Securities.  If the Corporation in any manner issues or sells any Convertible Securities and the lowest price per share for which one share of Common Stock is at any time issuable upon the conversion, exercise or exchange thereof or otherwise pursuant to the terms thereof is less than the Conversion Price then in effect, then such share of Common Stock shall be deemed to be outstanding and to have been issued and sold by the Corporation at the time of the issuance or sale of such Convertible Securities for such price per share.  For the purposes of this Section 7(b)(ii), the "lowest price per share for which one share of Common Stock is issuable upon the conversion, exercise or exchange thereof or otherwise pursuant to the terms thereof" shall be equal to (1) the lower of (x) the sum of the lowest amounts of consideration (if any) received or receivable by the Corporation with respect to one share of Common Stock upon the issuance or sale of the Convertible Security and upon conversion, exercise or exchange of such Convertible Security or otherwise pursuant to the terms thereof and (y) the lowest conversion price set forth in such Convertible Security for which one share of

Common Stock is issuable upon conversion, exercise or exchange thereof or otherwise pursuant to the terms thereof minus (2) the sum of all amounts paid or payable to the holder of such Convertible Security (or any other Person) upon the issuance or sale of such Convertible Security plus the value of any other consideration received or receivable by, or benefit conferred on, the holder of such Convertible Security (or any other Person).  Except as contemplated below, no further adjustment of the Conversion Price shall be made upon the actual issuance of such shares of Common Stock upon conversion, exercise or exchange of such Convertible Securities or otherwise pursuant to the terms thereof, and if any such issuance or sale of such Convertible Securities is made upon exercise of any Options for which adjustment of this Warrant [sic] has been or is to be made pursuant to other provisions of this Section 7(b), except as contemplated below, no further adjustment of the Conversion Price shall be made by reason of such issuance or sale."

11. Section 7(g) of the Series B CoD requires RSLS to provide a notice to the holders of Series B Preferred of any adjustment to the Conversion Price of their Series B Preferred.

12. In particular, Section 3(b)(ii) of the 2017 Warrants states:

"Issuance of Convertible Securities.  If the Company in any manner issues or sells any Convertible Securities and the lowest price per share for which one share of Common Stock is at any time issuable upon the conversion, exercise or exchange thereof or otherwise pursuant to the terms thereof is less than the Exercise Price then in effect, then such share of Common Stock shall be deemed to be outstanding and to have been issued and sold by the Company at the time of the issuance or sale

4

of such Convertible Securities for such price per share.  For the purposes of this Section 3(b)(ii), the "lowest price per share for which one share of Common Stock is issuable upon the conversion, exercise or exchange thereof or otherwise pursuant to the terms thereof" shall be equal to (1) the lower of (x) the sum of the lowest amounts of consideration (if any) received or receivable by the Company with respect to one share of Common Stock upon the issuance or sale of the Convertible Security and upon conversion, exercise or exchange of such Convertible Security or otherwise pursuant to the terms thereof and (y) the lowest conversion price set forth in such Convertible Security for which one share of Common Stock is issuable upon conversion, exercise or exchange thereof or otherwise pursuant to the terms thereof minus (2) the sum of all amounts paid or payable to the holder of such Convertible Security (or any other Person) upon the issuance or sale of such Convertible Security plus the value of any other consideration received or receivable by, or benefit conferred on, the holder of such Convertible Security (or any other Person).  Except as contemplated below, no further adjustment of the Exercise Price shall be made upon the actual issuance of such shares of Common Stock upon conversion, exercise or exchange of such Convertible Securities or otherwise pursuant to the terms thereof, and if any such issuance or sale of such Convertible Securities is made upon exercise of any Options for which adjustment of this Warrant has been or is to be made pursuant to other provisions of this Section 3(b), except as contemplated below, no further adjustment of the Exercise Price shall be made by reason of such issuance or sale."

13. Section 3(g) of the 2017 Warrants requires RSLS to provide a notice to the holders of 2017 Warrants of any adjustment to the Exercise Price of the 2017 Warrants.

14. RSLS disclosed the terms of this transaction and the relevant documents in a Form 8-K filed with the Securities and Exchange Commission on August 16, 2017.

15. By April 2, 2018 Plaintiff was only holding 1,258 shares of Series B Preferred.

16. On June 1, 2018, the RSLS affected a 15-1 reverse split of its common stock.

Breach of Contract Claims

17. On April 3, 2018, RSLS filed a Form 8-K disclosing that, on April 2, 2018, RSLS created a new series of preferred stock and entered into a securities purchase agreement, pursuant to which it had sold (i) 6,000 shares of the Company's Series D Preferred Stock, convertible at any time at the holder's option into RSLS common stock at $11.25 (pre-split $0.75) per share (the "Series D Shares"), and (ii) warrants to purchase up to 35 million shares of the Company's common stock at an exercise price of $11.25 (pre-split $0.75) per share (the "2018 Warrants")(the "Series D Financing").  Each such share of Series D Preferred and corresponding amount of 2018 Warrants a "Unit."

18. Each Unit was sold for $1,000 for a total gross purchase price for the Series D Financing of $6,000,000.

19. The Series D Shares and 2018 Warrants are "Convertible Securities" under the Series B CoD, and therefore cause the Series B Preferred to be repriced pursuant to Section 7(b)(ii) Series B CoD.

20. In April 2018, the Plaintiff received a Notice of Adjustment to the Conversion Price for the Series B Preferred stating that Plaintiff's Series B Preferred Conversion Price was being adjusted downward to $11.25 (pre-split $0.75) per share.

21. However, the proper calculation of the required adjustment to the Series B preferred pursuant to Section 7(b)(ii) of Series B CoD must include the value of the 2018 Warrants issued with the Series D Preferred.

22. The 2018 Warrants contains a Black Scholes formula for determining the value of the 2018 Warrants. Using just thirty five percent (35%) of the 2018 Warrants Black Scholes formula gives the 2018 Warrants a value of approximately $4,375,000 when issued. This valuation is substantially the same as the NASDAQ standard valuation of $0.125 per warrant.

23. The true value of the 2018 Warrants may be higher and shall be determined at trial.

24. Therefore, after deducting the value of the consideration received by the Series D holders in the form of the 2018 Warrants from the proceeds of the sale of the Units, the actual cost of each share of common stock issuable upon conversion of the Series D Preferred is not greater than $3.00 (pre-split $0.20) and the 1,258 Series B Preferred Shares held by Plaintiff at time of the Series D Preferred transaction would be convertible at such price into not fewer than 419,333 shares of RSLS's common stock.

25. On May 22, 2018, the Plaintiff, through its counsel Edward M. Grushko, Esq., informed RSLS of the deficiency in the Notice of Adjustment (the "Deficiency Letter").

26. On May 22, 2018, RSLS, through its counsel Bruce A. Machmeier, Esq., responded to the Deficiency Letter in which he reasserted RSLS's erroneous calculation (the "Machmeier Letter").

27. Mr. Machmeier defended RSLS's violation of the Series B CoD by relying solely on Section 7(b) (which provides that each component of a unit issuance requires its own calculation to determine its individual impact on the Conversion Price of the Series B Preferred, as opposed

to averaging all such securities prices) while ignoring Section 7(b)(ii) (which determines the price at which convertible securities are issued).

28.     RSLS never acknowledged the correct price of the Series D Preferred.

29.     During the time period from April 4, 2018 through May 25, 2018 the average closing price of the RSLS's common stock was $8.67.  Had RSLS given Alpha proper notice of the true reduced Conversion Price of the Series B Preferred, as required by Section 7(g) of the Series B CoD and Section 3(g) of the 2017 Warrants, Alpha could have sold at least 419,333 shares of RSLS's common stock at $8.67 per share for a gross profit $3,635,149.06 (less actual sales of RSLS stock made by Alpha in an effort to mitigate damages).

30.     Further, during the time since May 30, 2018, in an effort to mitigate its damages, Alpha has converted some of its Series B Preferred and sold the common stock acquired upon such conversions.  However, based on the true lower price Alpha is entitled to received additional shares for each Conversion Notice.

AS AND FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)

31.     The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 30 as if fully set forth herein.

32.     Defendant issued the Series B Shares and 2017 Warrants to Alpha.

33.     The Series B Shares and 2017 Warrants contain reprice protection.

34.     Defendant failed to acknowledge the proper reduced Conversion Price of the Series B Preferred and Exercise Price of the 2017 Warrants.

35.     Alpha is entitled to a declaratory judgment setting forth the proper reduced Conversion Price of the Series B Preferred and Exercise Price of the 2017 Warrants which shall be determined at trial but not less than $3.00 (post-split) per share of common stock.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract – Damages)

36. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 35 as if fully set forth herein.

37. Defendant issued the Series B Shares to Alpha.

38. The Series B Shares contain reprice protection.

39. Defendant failed to acknowledge the proper reduced Conversion Price of the Series B Preferred.

40. Had the Defendant properly acknowledged the reduced Conversion Price Alpha could have converted the Series B Preferred and sold RSLS common stock for a substantial profit.

41. As a direct result of this breach the Plaintiff has been damaged in an amount to be determined at trial not less than $3,635,149.06 less the proceeds of actual sales of RSLS common stock made by Alpha.

## AS AND FOR A THIRD CAUSE OF ACTION
(Injunction to Deliver Shares)

42. The Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 41 as if fully set forth herein.

43. Defendant issued the Series B Shares to Alpha.

44. The Series B Shares contain reprice protection.

45. Defendant failed to acknowledge the proper reduced Conversion Price of the Series B Preferred.

46. In order to mitigate damages, Alpha submitted Conversion Notices at the Conversion Price acknowledged by the Company.

47. Had the Defendant properly acknowledged the reduced Conversion Price Alpha could have converted the Series B Preferred at a lower price and received additional shares of RSLS common stock.

48. As a direct result of this breach the Plaintiff has been damaged by not receiving the proper amount of RSLS shares upon Plaintiff's conversion of Series B Preferred, in an amount to be determined at trial.

WHEREFORE, Plaintiff, Alpha Capital Anstalt demands judgment against the Defendant as follows:

(a) Declaratory judgment against RSLS setting forth the proper reduced Conversion Price;

(b) Money damages against RSLS on breach of contract claims for failure to provide a proper Notice of Adjustment in an amount to be determined at trial;

(c) An injunction against RSLS directing RSLS to issue shares of its common stock to Alpha in an amount to be determined at trial;

(d) Plaintiff's attorneys' fees and costs in bringing this action in accordance with Series B CoD and 2017 Warrants; and

(e) For such other relief as this Court may determine as fair and just.

Valley Stream, New York
Dated: July 12, 2018

GRUSHKO & MITTMAN, P.C.

By: _____
Eliezer Drew (ED0625)
Attorneys for Plaintiff
515 Rockaway Avenue
Valley Stream, New York 11581
(212) 697–9500
eli@grushkomittman.com